IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| VS. | § | |
| | § | NO. 3-07-CR-289-M(08) |
| ALLEN J. McGILL | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM ORDER**

Gail Terrell, appearing *pro se*, has filed a motion to quash a subpoena issued to View Point Bank as part of the government's effort to collect a $112,500 criminal restitution judgment entered against her husband, Allen J. McGill. For the reasons stated herein, the motion is denied.

On April 2, 2010, McGill was sentenced to 24 months confinement after pleading guilty to one count of conspiracy to commit extortion in violation of 18 U.S.C. §§ 371 & 1951. The district court also ordered McGill to pay $112,500 in restitution to the United States District Clerk for disbursement to James R. "Bill" Fisher. To date, McGill, who is in custody, has not made any payments toward the restitution judgment. In an effort to collect this debt, the government has utilized certain post-judgment collection procedures authorized by the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001, *et seq.*, including issuing a Rule 45 subpoena to View Point Bank for records pertaining to accounts belonging to McGill and his wife, Gail Terrell, for the period from January 1, 2009 to the present. (*See* Gov't Resp. App., Tab A. at 004-06). Terrell now moves to quash the subpoena on the ground that she is "the sole account holder and signatory" of the View Point accounts and that any funds deposited into the accounts belong to her. (*See* Terrell Mot. at 1).

The government has a right to discover information pertaining to McGill's ability to satisfy the restitution order entered in this case. *See FDIC v. LeGrand*, 43 F.3d 163, 172 (5th Cir. 1995)

("The scope of postjudgment discovery is very broad to permit a judgment creditor to discover assets upon which execution may be made."). The subpoena issued to View Point Bank of America is a legitimate tool for post-judgment discovery. *See United States v. Parlin*, No. 3-03-CR-162-D, 2010 WL 1903991 at *1 (N.D. Tex. May 10, 2010). In order to justify quashing the subpoena, Terrell must show that the government seeks privileged or otherwise protected information. *See* FED. R. CIV. P. 45(c)(3)(A)(iii). None of the bank records subpoenaed by the government are inherently privileged or confidential. *See, e.g. Parlin*, 2010 WL 1903991 at *2 (account signature cards and applications, monthly bank statements, deposit and withdrawal slips, wire transfer records, and loan or credit applications are not inherently privileged or confidential); *SEC v. W Financial Group, LLC*, No. 3-08-CV-0499-N, 2009 WL 636540 at *1 (N.D. Tex. Mar. 9, 2009) (citing cases) (noting that there is no legitimate expectation of privacy in the contents of checks, deposit slips, or bank statements). Moreover, there is absolutely no evidence to support Terrell's assertion that the accounts at issue belong only to her. To the contrary, Terrell and McGill have been married since at least 2002. Thus, their bank accounts are presumptively community property under Texas law. *See* TEX. FAM. CODE ANN. § 3.003 (Vernon 2006) (property possessed by either spouse during marriage is presumed to be community property).

Accordingly, Terrell's motion to quash the View Point Bank subpoena [Doc. #1402] is denied.

SO ORDERED.

DATED: August 20, 2010.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE